UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

FIRST BLACK AMERICAN PRESIDENT,
a/k/a, Thomas Moore,

        Plaintiff,

v.

UNKNOWN TAYLOR, et al.,

        Defendants.
_____/

Case No. 4:06-CV-49

HON. GORDON J. QUIST

## OPINION

Plaintiff, the First Black American President, a/k/a Thomas Moore ("Moore"), filed his complaint in this *pro se* action on May 3, 2006. Moore sued Defendants, the City of Kalamazoo and Sergeant Joseph Taylor of the Kalamazoo Department of Public Safety, in connection with his March 17, 1990, arrest for possession of cocaine with intent to deliver and subsequent state court conviction and sentence. According to the complaint, Moore served 8 and one-half years of his sentence. He seeks damages of $230 million to compensate him for his lost years, which he contends occurred as a result of the wrongful arrest and conviction. Although Moore does not cite the legal basis for his claim, the Court, giving Moore the benefit of the doubt, construes his claim as one under 42 U.S.C. § 1983.

Defendants have filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), in which they contend that dismissal is appropriate because: (1) Moore's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994); and (2) his claims are barred by the three-year limitations period applicable to § 1983 actions in Michigan. Moore has not responded to the motion.

Based upon its review of Moore's complaint, the Court interprets Moore's claims to be that Sergeant Taylor violated his rights under the Fourth Amendment because Sergeant Taylor did not have probable cause to arrest Moore and/or that Sergeant Taylor violated his due process rights under the Fifth and Fourteenth Amendments by procuring a conviction based upon false evidence. In either case, Moore's claim is barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994). In Heck, the Supreme Court held that a plaintiff who seeks damages based upon an unlawful conviction or other conduct which, if established, would render the conviction or sentence invalid, must "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87, 114 S. Ct. at 2372.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to suit.

Id. at 487, 114 S. Ct. at 2372-73 (footnotes omitted).

Heck bars Moore's Fourth Amendment claim because a finding in favor of Moore that Sergeant Taylor did not have probable cause to arrest Moore would necessarily imply the invalidity of Moore's conviction for possession of cocaine with intent to deliver. See, e.g., Fox v. Mich. State Police Dep't, 173 F. App'x 372, 377 (6th Cir. 2006) (concluding that Heck barred the plaintiff's Fourth Amendment claim that he was unlawfully searched because a finding in favor of the plaintiff would have necessarily implied the invalidity of his conviction for possession of a switchblade).

2

Likewise, to the extent that Moore asserts a due process claim based upon Sergeant Taylor's alleged use of false evidence or information to obtain Moore's conviction, Heck also precludes such a claim. See Albert v. Schwartz, 173 F. App'x 106, 108 (3d Cir. 2006) (per curiam) (concluding that Heck barred the plaintiff's claim that the defendants knew of and failed to report false information that was submitted as evidence to support the plaintiff's conviction); Shaw v. Harris, 116 F. App'x 499, 500 (5th Cir. 2004) (per curiam) (holding that the plaintiff's claims that the defendants conspired to violate her right to due process by concealing or tampering with evidence, prosecuting her based upon false evidence and perjury, and submitting false evidence at her state habeas proceeding would imply the invalidity of her conviction and were therefore barred by Heck).  Because Moore does not allege that his conviction has been reversed on appeal or otherwise invalidated through proper channels of postconviction relief, the Court must dismiss his complaint.  In light of the Court's determination that Heck applies, the Court need not address Defendants' statute of limitations argument.

      An Order consistent with this Opinion will be entered.


Dated: August 31, 2006                        /s/ Gordon J. Quist
                                                             GORDON J. QUIST
                                             UNITED STATES DISTRICT JUDGE